# Exhibit 8



6 WEST HUBBARD STREET
SUITE 500
CHICAGO, IL 60654
www.rmmslegal.com

**312-527-2157** main phone
**312-527-4205** main fax

**Alice L. Riechers**
312.222.6302 (telephone)
312.222.6322 (facsimile)
ariechers@rmmslegal.com

May 8, 2015

**VIA EMAIL**
Laura P. Masurovsky
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413

Re: *Eli Lilly & Co, et al. v. Perrigo Co., et al.*
<u>Civil Action No. 13-00851 (S.D. Ind.) (SEB) (DKL)</u>

Dear Laura:

I write regarding Plaintiffs' document productions in this case.

Based on a preliminary review of Plaintiffs' document productions to date, Perrigo has identified at least the following issues concerning Plaintiffs' productions. Perrigo's review of documents that Plaintiffs have produced thus far continues, and Perrigo reserves the right to raise additional issues concerning Plaintiffs' document productions under separate cover.

**I.     General Issues With Plaintiffs' Production.**

First, it appears that Plaintiffs have only produced a limited number of documents dated after the launch of Axiron in 2011. Please confirm that Plaintiffs are searching for and intend to produce responsive documents that are dated after the launch of Axiron in 2011.

Second, while Plaintiffs' production contains documents from Plaintiff Acrux's files, only a very small number of documents produced to date appear to be from Plaintiff Eli Lilly's files. Please confirm that Plaintiffs are searching Eli Lilly's files for documents responsive to Perrigo's requests and will produce such documents.

Third, it does not appear that Plaintiffs have updated their production to include documents related to the recently asserted '520 patent, and it is unclear whether Plaintiffs have

Laura P. Masurovsky
May 8, 2015
Page 2


produced documents related to the '861 patent. Please confirm that Plaintiffs will search for and have produced responsive documents that relate to all of the Patents-In-Suit in this case.

Please provide Plaintiffs' response to these questions by May 22, 2016.

## II.	Specific Deficiencies In Plaintiffs' Production.

Based on our preliminary review of Plaintiffs' documents produced to date, several categories of documents that are responsive to Perrigo's Requests appear to be missing from Plaintiffs' production.

First, while Perrigo's review of Plaintiffs' production continues, at least the following categories of documents do not appear to have been produced by Plaintiffs, despite Plaintiffs stating in their discovery responses that they will produce such documents in this case.

- ***NDA No. 22-504 and all amendments, supplements and correspondence related thereto.*** Such documents are responsive to at least one or more of Perrigo Request for Production Nos. 37, 42 and 43. It does not appear that Plaintiffs have produced any documents related to the Axiron NDA to date. Please produce these documents immediately (in the manner kept in the ordinary course of business), or if Plaintiffs contend they have already been produced, specify by bates number where in Plaintiffs' document productions these documents can be located.

- ***IND No. 70,516 and all amendments, supplements and correspondence related thereto.*** These documents are also responsive to at least one or more of Perrigo Request for Production Nos. 37, 42 and 43. While it appears that Plaintiffs may have produced some documents related to the Axiron IND, Plaintiffs' production does not appear to be complete. Further, the documents related to the IND that Plaintiffs have produced thus far were not produced in the manner that Perrigo would expect the IND is maintained in the ordinary course of business at Plaintiffs. Please produce a complete copy of the IND in the manner kept in the ordinary course of business, or if Plaintiffs contend it has already been produced, specify by bates number where in Plaintiffs' document productions these documents can be located.

- ***Documents relating to Plaintiffs' organizational structure.*** Such documents are responsive to at least Perrigo Request for Production No. 67. While Plaintiffs appear to have produced a few documents relating to the organizational structure of Acrux in the 2006 time frame, it does not appear from our preliminary review that Plaintiffs have produced the full scope of requested documents. Please complete Plaintiffs' production of these documents immediately, or if Plaintiffs contend they have already been produced, specify by bates number where in Plaintiffs' document productions these documents can be located.

Laura P. Masurovsky
May 8, 2015
Page 3

- ***Documents relating to Plaintiffs' document retention policies.*** Such documents are responsive to at least Perrigo Request for Production No. 68. Please produce these documents immediately, or if Plaintiffs contend they have already been produced, specify by bates number where in Plaintiffs' document productions these documents can be located.

Second, based on Perrigo's preliminary review of Plaintiffs' production, at least the following categories of documents responsive to Perrigo's requests also appear to be missing from Plaintiffs' production.

- **Documents reflecting sales figures, prescription figures, profitability, promotional expenditures, research and development costs, market assessments, and sales projections.** As you know, Perrigo served numerous requests for production seeking documents related to these topics, including at least Perrigo Request for Production Nos. 2-3, 5-13, 16-17, and 21-23. In response to these Requests, Plaintiffs have stated they will not be producing documents responsive to these Requests on the ground that they pertain to the issue of commercial success and "Plaintiffs do not intend to rely on the secondary consideration of commercial success." (*See* 9/8/14 Ltr., Masurovsky to Siwik). Plaintiffs, however, have not provided any stipulation or other binding assurance that they will not assert the secondary consideration of commercial success in response to Perrigo's obviousness defenses, and Perrigo will undeniably be severely prejudiced should Plaintiffs elect to reverse course and assert commercial success at a later date. Equally as important, Plaintiffs have not indicated upon which secondary considerations of non-obviousness Plaintiffs intend to rely in this case for each and every asserted patent. Even if Plaintiffs provide a satisfactory stipulation that they will not rely on commercial success in this case, much of the information sought by these topics will be relevant to other secondary considerations of non-obviousness. For example, if, as Plaintiffs have asserted, Axiron is a commercial embodiment of the Patents-In-Suit, sales and prescription information for Axiron, as well as overall product profitability, are relevant to whether and to what extent the product was able to satisfy any purported long felt need in the marketplace. Please produce documents responsive to these requests immediately.

- **Documents reflecting marketing and promotional materials, sales efforts, and product usage.** With respect to these categories, Perrigo again served numerous requests for production seeking documents related to these topics, including at least Perrigo Request for Production Nos. 2-4, 14-15, 24-25, and Plaintiffs have responded that they will not produce such documents because they "do not intend" to rely on commercial success. As discussed above, Plaintiffs have not provided any stipulation or other binding assurance that they will not assert the secondary consideration of commercial success in response to Perrigo's obviousness defenses. Moreover, for the same reasons discussed in the preceding paragraph, information responsive to these topics is relevant to other secondary considerations of non-obviousness, such as

Laura P. Masurovsky
May 8, 2015
Page 4

satisfaction of a long felt but unmet need, as well as establishing a nexus between Axiron and the asserted claims, which is necessary for any secondary consideration relying on attributes of Axiron to be probative of an obviousness analysis. *See, e.g., Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1327-28 (Fed. Cir. 2008). Please produce documents responsive to these requests immediately.

- **File history documents for foreign counterpart patents.** Plaintiffs have not produced copies of file histories for foreign counterparts to the patents in suit, which are responsive to Perrigo Request for Production No. 46. Perrigo is not asking Plaintiffs to obtain information from the public domain to produce, but are only asking Plaintiffs to produce responsive documents from their files. Please produce these documents immediately.

Please advise in writing by May 20 whether Plaintiffs intend to withhold from production any of the categories of documents discussed above so that the parties may meet and confer. If Plaintiffs intend to withhold one or more categories of documents discussed above, please provide your availability for a meet and confer the week of May 25.

Finally, unless Plaintiffs change their position, it appears that the parties are at an impasse with respect to Perrigo Request for Production No. 34 (seeking documents related to due diligence or other assessments of the patents-in-suit); No. 51 (seeking draft documents related to prosecution of applications of foreign counterparts to the patents in suit); No. 60 (seeking documents that reference any decisions and/or discussions about entry of a generic version of Axiron into the U.S. market); and No. 62 (seeking documents concerning any communications between Plaintiffs and the USP regarding topical and/or transdermal testosterone products). (*See, e.g.*, 9/2/14 Ltr., Siwik to Masurovsky; 9/8/14 Ltr., Masurovsky to Siwik). Plaintiffs have refused to produce documents responsive to these requests on the grounds that they are relevant only to the defense of unenforceability, which Perrigo has not alleged in this case. For at least the reasons set forth in its prior correspondence, Perrigo disagrees that these requests relate only to unenforceability defenses, or that they seek documents irrelevant to the claims and defenses in this case. Please advise by May 20 if Plaintiffs have changed their position and will produce documents responsive to these requests. If not, please advise as to Plaintiffs' availability for a meet and confer the week of May 18 so that the parties' dispute can be raised with the Court.

Very truly yours,

RAKOCZY MOLINO MAZZOCHI SIWIK LLP

*/s/ Alice Riechers*

Alice L. Riechers