**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY, <br> ELI LILLY EXPORT S.A., AND <br> ACRUX DDS PTY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY, <br> PERRIGO ISRAEL PHARMACEUTICALS LTD., <br> ACTAVIS LABORATORIES UT, INC. <br> (f/k/a WATSON LABORATORIES, INC.), AND <br> AMNEAL PHARMACEUTICALS LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 1:13-cv-0851 SEB-DKL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY IN SUPPORT OF PERRIGO'S MOTION TO COMPEL**
**DISCOVERY RESPONSIVE TO INTERROGATORY NOS. 8-11, 13, AND 16**
**AND REQUESTS FOR PRODUCTION NOS. 1, 3-17, 21-25, 42, 43, AND 80**

## EXHIBIT LIST

| Exhibit No. | Description |
|---|---|
| 36 | NDA excerpt (Pharmaceutical Development Report), LILLYAX-00173744-809 (filed under seal) |
| 37 | NDA excerpt (Quality Overall Summary), LILLYAX-00173436-585 (filed under seal) |
| 38 | Clinical Study Information (filed under seal) |
| 39 | Entry on Barr's Motion to Compel, *Eli Lilly & Co. v. Barr Labs., Inc.*, No. 02-1844-SEB/VSS (S.D. Ind. Feb. 23, 2005) |

*Exhibits 1-35 were attached to Perrigo's opening brief.  Exhibits 36-39 are attached hereto.

i

I.  INTRODUCTION.

Plaintiffs have failed to meet their burden of showing why they should not be compelled to produce the requested discovery. The relevant law and the facts of this case entitle Perrigo to the discovery it seeks. Plaintiffs thus elected to ignore the relevant law and facts (and Perrigo's arguments based on same), opting instead to rely on unsupported attorney argument and to manufacture and dispatch straw-man arguments that skirt the real issues presented by Perrigo's motion. In substance, Plaintiffs do no more than assert that they need only produce discovery that *Plaintiffs* intend to affirmatively use in this case, unilaterally declaring that no other discovery could possibly be relevant. But this is not the law. Under the relevant law, Plaintiffs do not get to produce the discovery they wish to use and withhold all other responsive discovery. And under the law, the discovery Perrigo seeks is relevant at least to rebutting the secondary considerations of non-obviousness that Plaintiffs themselves have injected into the case. Plaintiffs did not satisfy their burden to prove otherwise. Moreover, Plaintiffs' opposition exaggerates the amount of discovery Perrigo's motion seeks by discussing Perrigo's discovery requests and ignoring the significantly narrower scope of discovery sought in Perrigo's Proposed Order. Further, Plaintiffs simply have not demonstrated, as the law requires them to do, that producing the discovery Perrigo actually seeks in its motion – discovery routinely produced in patent cases – would be unduly burdensome. Perrigo's motion should be granted.

II.  ARGUMENT.

    A.  **Plaintiffs Have Not Met Their Burden To Show The Requested Discovery Is Improper.**

As the parties resisting discovery, Plaintiffs bear the burden to prove, with specificity, that the discovery requested in Perrigo's motion to compel is improper. *See Executive Mgmt. Servs. v. Fifth Third Bank*, No. 13-582, 2014 WL 5529895, at *3 (S.D. Ind. Nov. 3, 2014);

*Schroeder v. Menard, Inc.*, No. 13-451, 2014 WL 3084725, at *4 (N.D. Ind. July 7, 2014); *Becker v. City of Evansville*, No. 12-182, 2014 WL 1706390, at *1 (S.D. Ind. Apr. 29, 2014); *Symons Int'l Group v. Cont'l Cas. Co.*, No. 01-799, 2015 WL 4392933, at *2 (S.D. Ind. July 15, 2015).

Plaintiffs never acknowledge, let alone attempt to satisfy, this burden. Nor could they have done so, had they tried. As Perrigo's motion explains and Plaintiffs admit, Plaintiffs seek to rely on the following secondary considerations of non-obviousness in this case: long-felt but unmet need, unexpected results, and teaching away by the prior art. Given Plaintiffs' decision to add such issues into this case, discovery potentially relevant to Plaintiffs' arguments <u>or to Perrigo's potential arguments as to whether or not any of these secondary considerations exist is discoverable</u>. *See* FED. R. CIV. P. 26(b)(1); *E.E.O.C. v. New Indianapolis Hotels*, No. 10-1234, 2011 WL 2912794, at *2 (S.D. Ind. July 15, 2011); *MeadWestVaco Corp. v. Rexam Beauty & Closures*, 731 F.3d 1258, 1265 (Fed. Cir. 2013) (defendant presented evidence to contradict secondary considerations arguments); *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1393 (Fed. Cir. 1988) (defendant can present evidence challenging patentee's secondary considerations assertions, which the court must consider); *Scimed Life Sys. v. Johnson & Johnson*, 225 F. Supp. 2d 422, 440-41 (D. Del. 2002) (defendant demonstrated lack of long-felt need).

Perrigo's motion explains at length how and why the requested discovery is relevant to issues in this case, particularly to the secondary considerations of non-obviousness that Plaintiffs have raised. (*See, e.g.*, D.I. 151 at 11-12, 15-16). But Plaintiffs did not even address Perrigo's relevance explanations, much less rebut them substantively. In short, Plaintiffs did not satisfy their burden of proving that the requested discovery is irrelevant. Moreover, Plaintiffs have

failed to explain, much less with the specificity sufficient to defeat a motion to compel, why or how the discovery Perrigo seeks would be too burdensome for Plaintiffs to produce. *See Maple Creek Commons Homeowners Ass'n v. State Farm Fire & Cas. Co.*, No. 08-475, 2012 WL 14022, at *1 (S.D. Ind. Jan. 4, 2012); *Menendez v. Wal-Mart Stores East L.P.*, No. 10-53, 2010 WL 3038440, at *2-*3 (N.D. Ind. Aug. 4, 2010); *Executive Mgmt. Servs. v. Fifth Third Bank*, No. 13-582, 2014 WL 4680900, at *2 (S.D. Ind. Sept. 22, 2014).

Because Plaintiffs have not met their burden of proving that the discovery Perrigo seeks is improper, Perrigo's motion should be granted.

> **B.   Information And Documents Responsive To Interrogatory Nos. 8-11, 13, And 16 And Requests For Production Nos. 1, 3-17, 21-25, And 80 Are Relevant To At Least The Secondary Considerations That Plaintiffs Affirmatively Assert.**

Instead of rebutting Perrigo's explanations detailing how the discovery it seeks is relevant to the secondary considerations Plaintiffs have elected to pursue in this case – at least "long-felt but unmet need," "unexpected results," and "teaching away" – Plaintiffs mischaracterize the issues in the case and the scope of discovery that Perrigo seeks. Plaintiffs cannot, and have not, defeated Perrigo's motion with such tactics.

First, Plaintiffs attempt to paint Perrigo's motion as seeking wildly irrelevant discovery – discovery wholly divorced from the issues. They do so by asserting that the kind of discovery Perrigo seeks could not possibly be used to rebut Plaintiffs' secondary considerations arguments because "the only objective indicia [Plaintiffs] may rely on at trial relate to Axiron®'s technical aspects." (D.I. 157 at 6). Indeed, Plaintiffs' argument as to why the discovery Perrigo seeks is irrelevant hinges on their assertion that such discovery has nothing to do with "Axiron's technical aspects" and thus nothing whatsoever to do with secondary considerations. Plaintiffs are incorrect.

3

Plaintiffs acknowledge that they have raised "long-felt, but unmet need," "teaching away," and "unexpected results" (D.I. 157 at 2), but then immediately shift to focusing on unexpected results, which Plaintiffs repeatedly described as being "based solely on *technical* aspects of the [alleged] inventions." (*Id.* at 2-3). After enumerating these "technical aspects," Plaintiffs contend that they have nothing whatsoever to do with "sales, marketing, or financial data related to Axiron®." (*Id.* at 3). From there on out, Plaintiffs juxtapose Perrigo's requested discovery against these "technical aspects," again, seeking to make Perrigo's requests look wholly unreasonable. (*See, e.g.*, *id.* at 5-8). But Plaintiffs have not limited their secondary considerations to unexpected results, and Plaintiffs ignored entirely the myriad of reasons Perrigo's motion sets forth detailing why the discovery it seeks is relevant, at the very least, to (1) the secondary consideration of long-felt need, and (2) whether there is a nexus between the patented features of Axiron® and each of the secondary considerations Plaintiffs have identified.[1] (D.I. 151 at 11-14). To be clear: Plaintiffs never attempt to rebut Perrigo's explanations as to why the discovery it seeks is relevant to at least Plaintiffs' claim that Axiron® satisfies a long-felt but unmet need, and to whether the required nexus exists. Plaintiffs cannot defeat Perrigo's motion when they never address its full merits.

The fact is, the discovery Perrigo seeks is relevant to at least long-felt but unmet need and nexus. For example, Plaintiffs must prove there was a demand or need in the market for the alleged patented features, and that Axiron® fulfilled that previously unmet need. As Perrigo's motion details, the kind of discovery it seeks – concerning, for instance, sales, market share, pricing, and physician and patient surveys – goes directly to rebutting Plaintiffs' assertions that

---

[1] As Perrigo's motion explains, with respect to each of the three secondary considerations they have identified, Plaintiffs must prove that a nexus exists between evidence of each secondary consideration and the merits of the alleged invention. *See, e.g.*, *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1327-28 (Fed. Cir. 2008).

4

there was a long-felt but unmet need in the market for the patented features of the alleged invention in the first place, that Axiron® fulfilled such need, and that the required nexus exists. (*See, e.g.*, D.I. 151 at 11-14). Such discovery clearly is relevant to the secondary considerations Plaintiffs have asserted, even if Plaintiffs themselves do not intend to rely upon it. The incontrovertible fact is that courts routinely use the kind of discovery Perrigo has requested to determine whether a long-felt but unmet need existed and whether the alleged commercial embodiment of the invention fulfilled that need. Indeed, Perrigo's motion cites numerous cases (*see, e.g.*, *id.* at 12-13) in which the kind of discovery it seeks was produced, evaluated by the parties, and considered by the court in connection with secondary considerations (including, *inter alia*, analysis of long-felt need, teaching away, and the required nexus). *See, e.g.*, *Nat'l Steel Car, Ltd. v. Canadian Pc. Ry.*, 357 F.3d 1319, 1339-40 (Fed. Cir. 2004) (long-felt need); *Hitachi Koki Co. v. Doll*, 620 F. Supp. 2d 4, 30-32 (D.D.C. 2009) (long-felt need); *PTS Labs v. Abbott Labs.*, No. 99-2402, 2000 WL 521722, at *6 (N.D. Ill. Mar. 17, 2000) (long-felt need); *Sonoco Prods. v. Mobil Oil Corp.*, No. 87-2874, 1989 WL 231323, at *8 (D.S.C. Apr. 4, 1989) (long-felt need), *vacated in part on other grounds*, 895 F.2d 1420 (Fed. Cir. 1990); *Structural Rubber Prods. v. Park Rubber Co.*, No. 79-1223, 1986 WL 12326, at *3-*5 (N.D. Ill. Oct. 24, 1986) (long-felt need); *Bentley v. Sunset House Distrib. Corp.*, 359 F.2d 140, 145 n.3 (9th Cir. 1966) (long-felt need); *Ashland Oil v. Delta Resins & Refractories*, 776 F.2d 281, 307 (Fed. Cir. 1985) (long-felt need); *Lewart Co. v. Acco Int'l*, 428 F. Supp. 258, 264 (N.D. Ill. 1976) (long-felt need); *K-Tec, Inc. v. Vita-Mix Corp.*, 729 F. Supp. 2d 1312, 1326-27 (D. Utah 2010) (long-felt need); *Henkel Corp. v. Coral, Inc.*, 754 F. Supp. 1280, 1293, 1307 (N.D. Ill. 1990) (long-felt need); *W.L. Gore & Assocs. v. Garlock, Inc.*, 721 F.2d 1540, 1555 (Fed. Cir. 1983) (long-felt need); *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1379-80 (Fed. Cir. 2012) (long-felt need);

*Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1327-28 (Fed. Cir. 2008) (nexus); *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1344 (Fed. Cir. 2013) (nexus); *Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1316 (Fed. Cir. 2008) (nexus/long-felt need); *Ecolochem, Inc. v. Southern Calif. Edison*, No. 92-3436, 1998 WL 1182000, at *35 (C.D. Cal. Sept. 18, 1998) (nexus/long-felt need), *rev'd in part on other grounds*, 223 F.3d 1361 (Fed. Cir. 2000); *MeadWestVaco*, 731 F.3d at 1265 (teaching away).

Plaintiffs ignored all but one case of the many cases that Perrigo identified.  As to the one case they elected to acknowledge, *National Steel*, Plaintiffs argue that it somehow dooms Perrigo's motion. (D.I. 157 at 7).  Not so.  The *National Steel* court, like the courts in each of the other cases Perrigo cites, considered the type of discovery that Perrigo's motion seeks in connection with the secondary considerations Plaintiffs raised and/or the required nexus.

Second, Plaintiffs argue that the discovery Perrigo seeks – such as sales and marketing information – is not discoverable *because Plaintiffs do not intend to affirmatively use it* to prove secondary considerations.  (*See, e.g.*, D.I. 157 at 2).  Citing no authority, Plaintiffs argue that Perrigo should be limited to using the discovery that Plaintiffs intend to rely upon on in support of their secondary considerations arguments.  (*See, e.g.*, D.I. 157 at 7-8).  That is, Plaintiffs only have to produce that which they intend to rely upon, nothing more.  But Plaintiffs' argument finds no support in the law.  Indeed, the law expressly prohibits Plaintiffs from successfully taking this position.  While Plaintiffs ignored this discussion, too, Perrigo's motion explains at length that the law does not permit Plaintiffs to produce only information that would help their own case, and withhold responsive information that might affirmatively help Perrigo.  *See* D.I. 151 at 14; *see also Novelty, Inc. v. Mountain View Mktg.*, 265 F.R.D. 370, 378 (S.D. Ind. 2009); *Pfizer Inc. v. Apotex Inc.*, 731 F. Supp. 2d 754, 759 (N.D. Ill. 2010) (compelling Plaintiff to

6

produce licensing agreements that could be relevant to asserted secondary considerations and nexus even if Plaintiff did not intend to rely on them).

Finally, Plaintiffs argue that Perrigo's motion should be denied because the "*lack* of objective evidence of nonobviousness is not evidence of obviousness." (D.I. 157 at 7). Plaintiffs then cite cases purportedly standing for the proposition that the law does not require Plaintiffs to submit evidence of secondary considerations in order to defeat an obviousness defense. (*Id.* at 7). Such discussion has no relevance to resolving Perrigo's motion. Under the law, once a patentee seeks to rely on evidence of secondary considerations, as Plaintiffs have done here, the accused infringer is entitled to discovery relevant to those secondary considerations and to introduce rebuttal evidence, which the court must then consider in its secondary considerations analysis. *See, e.g.*, *MeadWestVaco*, 731 F.3d at 1265; *Demaco*, 851 F.2d at 1393. As set forth above, Perrigo's motion seeks documents and information that will rebut Plaintiffs' secondary considerations arguments, and under the relevant case law, Perrigo is entitled to such discovery. Because Plaintiffs have failed to meet their burden of proving that the discovery Perrigo seeks is irrelevant (and the discovery is, in fact, relevant), Perrigo's motion should be granted.

**C. Redacted And Withheld Portions Of The IND And NDA Are Relevant To The Validity Of The Patents-In-Suit, Including At Least The Secondary Considerations Plaintiffs Affirmatively Assert.**

Plaintiffs repeatedly declare that the information they have withheld and redacted from the IND and NDA is "not relevant" and need not be produced. (*See, e.g.*, D.I. 157 at 1, 10-12). But especially now that Plaintiffs have affirmatively elected to assert that Axiron® is a commercial embodiment of the alleged inventions and seek to rely on information about Axiron® in support of their secondary considerations arguments, Perrigo is entitled to the unredacted Axiron® IND and NDA.

7

First, Plaintiffs attempt to justify their redactions of the NDA and IND – documents that were submitted to FDA, and without question relate to Axiron® – by noting that Perrigo redacted an internal document. (D.I. 157 at 11-12). This comparison continues Plaintiffs' attempts to distract from the fact that their positions lack merit, given the actual circumstances here and the relevant law. The redacted Perrigo document that Plaintiffs rely upon contains information on many drugs in Perrigo's development pipeline. Perrigo redacted information relating to drugs other than its generic version of Axiron®, because such information has no relevance here (and not even Plaintiffs argue otherwise). Consequently, Perrigo's redaction of highly sensitive business information concerning products *completely unrelated to the ANDA product at issue* does not provide any justification or support for Plaintiffs' decision to redact certain selected information about the alleged *commercial embodiment of the patents-in-suit*.

Second, Plaintiffs cannot unilaterally determine what is and is not relevant about the alleged commercial embodiment for purposes of discovery. *See, e.g.*, *Novelty*, 265 F.R.D. at 378. Again, Perrigo is entitled to any non-privileged discovery from Plaintiffs that is relevant to Perrigo's defenses, which includes discovery that rebuts Plaintiffs' secondary considerations arguments. *See* FED. R. CIV. P. 26(b)(1); *New Indianapolis Hotels*, 2011 WL 2912794, at *2. Information regarding the alleged commercial embodiment, such as that found in the IND and NDA, is discoverable given at least Plaintiffs' secondary considerations arguments, as discussed in more detail in Perrigo's opening brief and herein. *See, e.g.*, D.I. 151 at 15-17; *Eli Lilly & Co. v. Wockhardt Ltd.*, No. 08-1547, 2010 WL 2605855, at *5 (S.D. Ind. June 22, 2010) (compelling production of documents related to IND as potentially relevant to secondary considerations).

Third, based on a good faith review of Plaintiffs' production, it appears that Plaintiffs' redactions and withholding go beyond "manufacturing and personal patient identification

8

information." (D.I. 157 at 10).[2] Relatedly, while Plaintiffs argue that they "have already produced the clinical studies in the IND and NDA, and the portions of the NDA that disclose all aspects of the approved formulation," this does not appear to be the case. (*Id.*).[3]

Based on the good faith review conducted to date, it appears that Plaintiffs have withheld or redacted at least information concerning the applicator for Axiron®, which Plaintiffs assert is part of the alleged invention. For example, the "Pharmaceutical Development Report" from the NDA, which details the research and development of Axiron® -- again, the alleged commercial embodiment – is heavily redacted. (Ex. 36).[4] According to the Table of Contents of the Pharmaceutical Development Report for Axiron®, Plaintiffs redacted entire pages of information concerning the applicator for Axiron®. (*Id.* at 745, 786, 795). Similarly, Plaintiffs redacted over 90% of the "Quality Overall Summary" of the Axiron® NDA. (Ex. 37). Based on that document's table of contents, it appears that Plaintiffs have redacted sections of the Quality Overall Summary pertaining to the Axiron® applicator. (*Id.* at 436, 453-54, 457). Furthermore,

---

[2] Plaintiffs complain that Perrigo did not cite specific examples of improperly redacted or withheld documents from Plaintiffs' production. (D.I. 157 at 10). In an effort to avoid disseminating Plaintiffs' confidential documents and burdening the Court with lengthy exhibits, Perrigo did not attach or specifically identify such example documents to its opening brief. In light of Plaintiffs' complaint, however, Perrigo attaches some examples under seal. (*See* Exs. 36-38). Perrigo can provide additional examples if the Court so requests.

[3] In Plaintiffs' August 28, 2015 opposition brief, they indicated that they would produce additional documents relating to the IND and NDA. (D.I. 157 at 3 & n.2). On August 31, 2015, Plaintiffs produced over 703,000 pages of documents (more than tripling the size of their total production in this case). Given the size and timing of Plaintiffs' production, it is not possible for their August 31 production to have been fully reviewed by the date of this submission. If Plaintiffs contend that their August 31 production contains complete, unredacted versions of the IND and NDA, including, *inter alia*, complete versions of the clinical studies described in Exhibit 38, Perrigo invites Plaintiffs to identify such documents by bates number and in writing. If Perrigo can verify that all such documents have been produced in complete form, it will withdraw that portion of its motion.

[4] While Plaintiffs' Exhibit 1 includes a few excerpted pages from this document, Plaintiffs did not attach the entire document, the majority of which has been redacted by Plaintiffs.

it appears that the clinical studies identified in the NDA and IND have not all been produced in their entirety. Exhibit 38 hereto identifies the numbers of the clinical studies related to Axiron®, based on the information gleaned from a review of the information Plaintiffs have elected to produce. As detailed in Exhibit 38, Plaintiffs appear to have produced incomplete versions of several of those clinical studies and have failed to produce any documents whatsoever for still other of those clinical studies. Further, there may be additional clinical studies related to Axiron® that are not mentioned in the documents Plaintiffs have produced so far.

As Perrigo's opening brief explains at length, information concerning the Axiron® product, including the applicator used to apply it, as well as the clinical studies concerning Axiron®, are relevant to at least the secondary considerations Plaintiffs have asserted in this case. (D.I. 151 at 15-17). For example, Plaintiffs have asserted that the claims of the five patents asserted against Perrigo are not obvious because:

> [T]he invention recited in the asserted claims: (1) achieves greater-than-expected penetration through the axilla given the small surface area; (2) maintains normal physiological DHT levels despite relatively high concentrations of 5α-reductase in the axilla; (3) is not affected by the presence of hair and/or cosmetics in the axilla; (4) does not cause increased sweating or odor in the axilla; and (5) produces deodorant and antiperspirant effects in the axilla.
>
> \*\*\*
>
> [T]he inventions (1) unexpectedly are able to apply a liquid composition to a concave area (the axilla) using a concave device; (2) satisfy the long-felt but unresolved need of accurately applying a liquid composition when the applicator is tilted; (3) are able to apply and spread a liquid composition without scraping up the composition upon application; and (4) have no moving parts and are easy for a user to operate.

(D.I. 151 at Ex. 1 at 3-4 and Ex. 2 at 4). Withheld and/or redacted information from the NDA and IND concerning at least the Axiron® applicator and Axiron® clinical studies are relevant to, and may rebut, at least these arguments. Even if Plaintiffs do not intend to affirmatively rely

10

upon the withheld information, such information remains discoverable because Perrigo could use such discovery to rebut Plaintiffs' arguments. Once again, the discovery rules and law regarding same do not allow Plaintiffs to produce only discovery that they wish to use affirmatively and withhold all else. And as discussed here and in Perrigo's opening brief, the information that Plaintiffs have redacted and withheld regarding the Axiron® applicator and Axiron® clinical studies is discoverable and should be produced.

> **D.   Plaintiffs Have Not Shown, And Cannot Show, That It Would Be Overly Burdensome To Produce The Requested Discovery.**

*The NDA and IND.* Plaintiffs have not even attempted to argue that it would be overly burdensome to produce complete, unredacted versions of the NDA and IND. In fact, it stands to reason that it would be less time-consuming and burdensome for Plaintiffs to produce these documents in the format they were given to FDA, rather than do what they have done here and redact and withhold select portions of them. Indeed, it would not be overly burdensome to produce complete unredacted versions of these documents, which are routinely produced in Hatch-Waxman patent cases such as this one. Again, Plaintiffs have not argued otherwise.

*The remaining discovery that Perrigo's motion seeks.* Plaintiffs' burdensomeness arguments rest upon exaggerating and misconstruing the discovery Perrigo's motion seeks in an attempt to make the scope appear unreasonable. Plaintiffs' opposition elects to ignore the fact that Perrigo's motion and Proposed Order significantly narrows the discovery sought by Perrigo's original requests, seeking only certain types of documents and information responsive to those requests. (*See* D.I. 151 at 10; D.I. 150-1). More specifically, when arguing that Perrigo's motion should be denied on burdensomeness grounds, Plaintiffs reference Perrigo's original requests and complain that they seek, for example, "call notes," and specific detailed information such as promotional, advertising and marketing expenditures for Axiron® "by

11

calendar quarter . . . separately identifying expenditures." (D.I. 157 at 9). But of course, even if such requests, as propounded, were unduly burdensome (and they were not), Perrigo's motion does not seek discovery commensurate with the full scope if its requests. Perrigo's motion does not, for instance, seek to compel production of "call notes" or other documents and information with the level of detail Plaintiffs discuss in their brief.[5]

Furthermore, even by exaggerating the amount of discovery Perrigo seeks, Plaintiffs did not meet their burden to "show with specificity" that producing the discovery Perrigo seeks would be overly burdensome, nor did they "adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome." *See Executive Mgmt.*, 2014 WL 5529895, at *7 (citation omitted). Plaintiffs have not come forward with any specific evidence – such as affidavits or other evidence detailing cost, manpower, or time – from which it could reasonably be concluded that producing the requested discovery would, in fact, be unduly burdensome. Plaintiffs' vague allegations that Perrigo's discovery requests are overly burdensome cannot, and does not, suffice to resist a motion to compel. *See id.* at *6-7 (party resisting discovery who "provided no affidavits or other evidence describing the monetary cost or time required to comply" with discovery requests did not carry its burden); *Menendez*, 2010 WL 3038440, at *2-*3 (granting motion to compel absent adequate explanation of burden). And as Perrigo's motion explains, generalized claims of burden, such as the type Plaintiffs have made here, are entitled to little if any weight, and in fact may be deemed waived. *See Executive Mgmt.*, 2014 WL 5529895, at *7; *Executive Mgmt.*, 2014 WL 4680900, at *3.

---

[5] While Perrigo's motion does not expressly seek "call notes," such a request would not have been unreasonable. This Court has, in fact, compelled Plaintiff Lilly to produce call notes in past ANDA patent litigations. (*See, e.g.*, Ex. 39).

Finally, Plaintiffs did not come forward with evidence to establish undue burden because they could not do so. The vast majority, if not all, of the documents and information Perrigo seeks will come from Plaintiff Lilly's business files. While Plaintiffs argue that it would be burdensome to produce the requested documents because some limited sales data may be publicly available for purchase, certainly the vast majority of documents Perrigo seeks are uniquely in Plaintiff Lilly's possession, Lilly has ample resources, and Lilly is regularly involved in patent cases where it produces the kind of discovery Perrigo seeks. *See, e.g.*, *Eli Lilly*, 2010 WL 2605855, at *1, *4. On the facts here, Plaintiffs cannot credibly argue that that the discovery Perrigo seeks in its motion imposes an undue burden on Plaintiffs, and certainly not that it imposes a burden that would outweigh the relevance of the requested discovery. *See Executive Mgmt.*, 2014 WL 4680900, at *3 (compelling production of discovery over burdensomeness objection); *Donnelly v. NCO Financial Sys.*, 263 F.R.D. 500, 504 (N.D. Ill. Dec. 16, 2009) (same). Thus, Plaintiffs cannot avoid producing the requested discovery on the grounds of burdensomeness.

### III.   CONCLUSION.

For the reasons set forth herein and in Perrigo's opening brief, the discovery Perrigo seeks is relevant, and Plaintiffs' burden in producing it does not outweigh its likely benefit. Plaintiffs have not met their burden to show the discovery sought is irrelevant or overly burdensome to produce. Plaintiffs should be compelled to produce documents and information regarding secondary considerations of non-obviousness in response to Interrogatory Nos. 8-11, 13, and 16 and Requests For Production Nos. 1, 3-17, 21-25, and 80 consistent with the Proposed Order Perrigo submitted with its opening brief (D.I. 150-1). Plaintiffs should further be compelled to produce a complete version of the IND and NDA for Axiron® in response to Requests for Production Nos. 42 and 43.

13

Dated:  September 8, 2015                     Respectfully Submitted,

              By:   /s/ *Sally F. Zweig*
                Sally F. Zweig, No. 11367-49
                KATZ & KORIN, PC
                334 North Senate Avenue
                Indianapolis, Indiana 46204-1708
                Telephone:  (317) 464-1100
                Facsimile:  (317) 464-1111
                szweig@katzkorin.com

                Christine J. Siwik
                William A. Rakoczy
                Alice L. Riechers
                Gregory A. Duff, No. 24595-06
                RAKOCZY MOLINO MAZZOCHI SIWIK LLP
                6 West Hubbard Street, Suite 500
                Chicago, Illinois  60654
                Telephone:  (312) 527-2157
                Facsimile:  (312) 527-4205
                csiwik@rmmslegal.com
                wrakoczy@rmmslegal.com
                ariechers@rmmslegal.com
                gduff@rmmslegal.com

                *Attorneys for Defendants Perrigo Co. and*
                *Perrigo Israel Pharmaceuticals Ltd.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system. I further certify that service of sealed Exhibits 36-38 to the parties was made via e-mail.

| | |
|---|---|
| Jan M. Carroll (Pltf/Consol Pltf Lilly/Acrux)<br>BARNES & THORNBURG, LLP | jan.carroll@btlaw.com |
| Terri L. Bruksch (Pltf/Consol Pltf Lilly/Acrux)<br>BARNES & THORNBURG, LLP | tbruksch@btlaw.com |
| Sally Franklin Zweig (Perrigo)<br>KATZ & KORIN, PC | szweig@katzkorin.com |
| Gregory A. Duff (Perrigo)<br>RAKOCZY MOLINO MAZZOCHI SIWIK LLP | gduff@rmmslegal.com |
| Christine J. Siwik (Perrigo)<br>RAKOCZY MOLINO MAZZOCHI SIWIK LLP | csiwik@rmmslegal.com |
| William A. Rakoczy (Perrigo)<br>RAKOCZY MOLINO MAZZOCHI SIWIK LLP | wrakoczy@rmmslegal.com |
| Conly S. Wythers (Perrigo)<br>RAKOCZY MOLINO MAZZOCHI SIWIK LLP | cwythers@rmmslegal.com |
| Alice L. Riechers (Perrigo)<br>RAKOCZY MOLINO MAZZOCHI SIWIK LLP | ariechers@rmmslegal.com |
| Robert M. Teigen (Perrigo)<br>RAKOCZY MOLINO MAZZOCHI SIWIK LLP | rteigen@rmmslegal.com |
| Charles E. Lipsey (Pltf/Consol Pltf Lilly/Acrux)<br>FINNEGAN, HENDERSON, et al. | charles.lipsey@finnegan.com |
| L. Scott Burwell (Pltf/Consol Pltf Lilly/Acrux)<br>FINNEGAN, HENDERSON, et al. | scott.burwell@finnegan.com |
| Alissa K. Lipton (Pltf/Consol Pltf Lilly/Acrux)<br>FINNEGAN, HENDERSON, et al. | alissa.lipton@finnegan.com |
| Danielle A. Duszczyszyn (Pltf/Consol Pltf Lilly/Acrux)<br>FINNEGAN, HENDERSON, et al. | danielle.duszczyszyn@finnegan.com |
| Laura P. Masurovsky (Pltf/Consol Pltf Lilly/Acrux)<br>FINNEGAN, HENDERSON, et al. | laura.masurovsky@finnegan.com |
| Amanda K. Murphy (Pltf/Consol Pltf Lilly/Acrux)<br>FINNEGAN, HENDERSON, et al. | amanda.murphy@finnegan.com |
| Manisha A. Desai, Ph.D. (Pltf Lilly)<br>ELI LILLY & CO. | madesai@lilly.com |
| Briana Lynn Clark (Consol Def Watson)<br>BINGHAM GREENEBAUM, et al. | bclark@bgdlegal.com |

| | |
|---|---|
| Dan H. Hoang (Consol Def Watson)<br>WINSTON & STRAWN, LLP | dhoang@winston.com |
| James H. Hinshaw (Consol Def Watson)<br>BINGHAM GREENEBAUM, et al. | jhinshaw@bgdlegal.com |
| Kurt A. Mathas (Consol Def Watson)<br>WINSTON & STRAWN, LLP | kmathas@winston.com |
| Michael Keenan Nutter (Consol Def Watson)<br>WINSTON & STRAWN, LLP | mnutter@winston.com |
| Samantha Maxfield Lerner (Consol Def Watson)<br>WINSTON & STRAWN, LLP | slerner@winston.com |
| Oni Harton (Pltf/Consol Pltf Lilly/Acrux)<br>BARNES & THORNBURG, LLP | oni.harton@btlaw.com |
| Anthony J. Fitzpatrick (Consol Def Amneal)<br>DUANE MORRIS, LLP | ajfitzpatrick@duanemorris.com |
| Carolyn A. Alenci (Consol Def Amneal)<br>DUANE MORRIS, LLP | caalenci@duanemorris.com |
| Christopher S. Kroon (Consol Def Amneal)<br>DUANE MORRIS, LLP | cskroon@duanemorris.com |
| Robert J. Schuckit (Consol Def Amneal)<br>SCHUCKIT & ASSOCIATES | rschuckit@shuckitlaw.com |
| Vincent L. Capuano (Consol Def Amneal)<br>DUANE MORRIS, LLP | vcapuano@duanemorris.com |
| Jennifer A. Vein (Pltf)<br>FINNEGAN, HENDERSON, et al. | jennifer.vein@finnegan.com |
| Jessica L.A. Marks (Pltf)<br>FINNEGAN, HENDERSON, et al. | Jessica.marks@finnegan.com |

*s/ Sally Franklin Zweig*
Sally Franklin Zweig

KATZ & KORIN, PC
334 North Senate Avenue
Indianapolis, IN 46204
Office: 317-464-1100; Fax: 317-464-1111