# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **ELI LILLY AND COMPANY,** *et al.*,<br>     **Plaintiffs,**<br><br>     *vs.*<br><br>**PERRIGO COMPANY,** *et al.*,<br>     **Defendants.** | **CAUSE NO.   1:13-cv-851-SEB-DKL** |

### ORDER
*Plaintiff Eli Lilly and Company's Motion To Compel*
*Production of Documents* **[doc. 230]**

Plaintiff Eli Lilly and Company moves for an order compelling the Perrigo Defendants ("Perrigo") to produce previous expert reports that were prepared by two of Perrigo's experts in the present case, Walter G. Chambliss and Peter J. Stahl (the "Experts"), and that were submitted by Perrigo in a previous suit, *Unimed Pharmaceuticals, LLC, vs. Perrigo Co.*, No. C.A. 1:13-cv-236-LPS, in the United States District Court for the District of Delaware.  In that suit, Unimed Pharmaceuticals, LLC, sued Perrigo for infringement of its transdermal testosterone product, AndroGel, for treating testosterone deficiency.  Perrigo introduced the Experts' reports to support its invalidity defense in that action.  In support of its defenses in the present suit, Perrigo has produced expert reports prepared by the same Experts in which, according to Lilly, they extensively referred to and relied on the AndroGel product in relation to their opinions on, *e.g.*, the knowledge of a person of ordinary skill in the art at the relevant times and the teachings of prior art.

1

Lilly wants the Experts' AndroGel expert reports for cross-examination and possible impeachment purposes and it wants them four days before the Experts are scheduled to be deposed on April 8 and 11, 2016. Perrigo objects on the grounds that (1) Lilly's motion is untimely, having known in January, 2016, that Perrigo objected to producing the reports; (2) the AndroGel expert reports are irrelevant because they concern different patents, accused products, priority dates, and owners; because they are not admissible evidence; and because Lilly only speculates that the reports might contain useful cross-examination material; (3) the AndroGel reports contain the designated confidential information of Perrigo, the *Unimed* plaintiffs (and, possibly, other third parties), and are subject to a protective order issued in the *Unimed* litigation which requires Perrigo to obtain the plaintiffs' approval of all redactions before producing the reports in other litigation; and (4) the burdens of reviewing and redacting over 1,800 pages of the reports, especially on such short notice, does not outweigh any slight possible relevance. Lilly has represented that it is not interested in the confidential information of any party or third-party; it is interested in only the Experts' invalidity opinions regarding AndroGel.

The Court finds that the Experts' AndroGel reports introduced in the *Unimed* litigation are relevant and discoverable by Lilly for the reasons that it asserts. However, the Court recognizes that the previous protective order must be complied with, the redactions do present a burden, and there are significant time pressures in this case. Therefore, the Court rules:

**1.**  The Court orders Perrigo to produce the Experts' AndroGel reports that were introduced in the *Unimed* litigation.  Perrigo shall redact its own confidential information and shall obtain the redactions of the *Unimed* plaintiffs and any redactions of third parties pursuant to the *Unimed* protective order.

**2.**  In light of the short time interval before the Experts' scheduled depositions, the Court does not order Perrigo to produce the reports by Lilly's requested deadline of five business days before the Experts' depositions.  The parties shall meet and confer on a deadline for production, no later than thirty days from the date of this *Order*.  If Perrigo cannot produce the Experts' AndroGel twenty-four hours before each expert's deposition, then, after receiving that expert's AndroGel reports, Lilly may request leave to conduct a supplemental deposition limited to the subject of the AndroGel reports.  If Perrigo produces an Expert's report twenty-four hours prior to his deposition, then Lilly may not conduct a supplemental deposition of that Expert.

Lilly's *Motion To Compel Production of Documents* [doc. 230] is **GRANTED in part** as set forth above.

**SO ORDERED this 1st day of April, 2016.**

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

3